IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT J. BARDO,

    Plaintiff,                    No. 2: 09-cv-1645 FCD KJN P

    vs.

SUBIA, et al.,                      <u>ORDER AND</u>

    Defendants.             <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

I. <u>Introduction</u>

        Plaintiff is a state prisoner proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is the motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) filed on behalf of defendants Johnson, Palubicki, Long, Subia, Machado, Martel, Martinez, Meza and Tilton. After carefully considering the record, the undersigned recommends that defendants' motion be denied.

II. <u>Legal Standard for Motion to Dismiss</u>

        A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. <u>Vega v. JPMorgan Chase Bank, N.A.</u>, 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and

plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). "A complaint may survive a motion to dismiss if, taking all well-pleaded factual allegations as true, it contains 'enough facts to state a claim to relief that is plausible on its face.'" Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1949). The court accepts "all facts alleged as true and construes them in the light most favorable to the plaintiff." County of Santa Clara v. Astra USA, Inc., 588 F.3d 1237, 1241 n.1 (9th Cir. 2009). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted). The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defects. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). However, under the "incorporation by reference" doctrine, a court may also review documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (citation omitted and modification in original). The incorporation by reference

doctrine also applies "to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." Id.

III. Plaintiff's Claims

This action is proceeding on the second amended complaint filed April 6, 2010. Plaintiff alleges that on July 27, 2007, he was attacked by inmate Garafolo on his way to breakfast. Plaintiff alleges that the attack was unprovoked and that inmate Garafolo ambushed plaintiff from behind, stabbing him several times. Plaintiff alleges that he had never before exchanged words with inmate Garafolo.

Plaintiff alleges that at the time of the attack, he was housed on a sensitive needs yard. Plaintiff alleges that he (plaintiff) had been convicted of murder following a highly publicized trial. Plaintiff alleges that inmate Garafolo has a prison record which includes the murder of two inmates and numerous prison weapons possession convictions.

Plaintiff alleges that defendants violated his Eighth Amendment right to be free from inmate violence. In particular, plaintiff alleges that defendants Subia, Meza, Johnson and Martel classified inmate Garafolo as appropriate for placement on the sensitive needs yard despite knowing of his record of prison violence. Plaintiff alleges that defendants Machado, Martinez and Long put inmate Garafolo on the sensitive needs yard despite being aware of his record of prison violence. Plaintiff alleges that defendant Palubicki approved inmate Garafolo's placement on the sensitive needs yard despite being aware of his record of prison violence. Plaintiff alleges that defendant Tilton, the former Director of the California Department of Corrections and Rehabilitation ("CDCR"), knowingly enforced the policy of classifying violent inmates on sensitive needs yards. Plaintiff alleges that defendant Tilton's enforcement of this policy led to the attack by inmate Garafolo.

////

IV. <u>Legal Standard for Eighth Amendment Claim</u>

"'[P]rison officials have a duty ... to protect prisoners from violence at the hands of other prisoners.'" <u>Farmer v. Brennan</u>, 511 U.S. 825, 833 (1994) (internal citation omitted). "[A] prison official violates the Eighth Amendment when two requirements are met.  First, the deprivation alleged must be, objectively, 'sufficiently serious' ... For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." <u>Id</u>., at 834.  Second, "[t]o violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind' ... that state of mind is one of 'deliberate indifference' to inmate health or safety." <u>Id</u>.  The prison official will be liable only if "the official knows of and disregards an excessive risk to inmate health and safety; the officials must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Id</u>., at 837.

V. <u>Discussion</u>

Defendants argue that plaintiff has failed to state a colorable Eighth Amendment claim because he does not allege that defendants knew that inmate Garafolo was planning to assault him.  Defendants argue that if the attack was unprovoked, as alleged, then it would be impossible for them to have been aware of a known risk.

Plaintiff alleges that all defendants knew of inmate Garafolo's prison record and authorized his placement in the sensitive needs yard.  Plaintiff appears to argue that it was inherently dangerous to place an inmate with two convictions for murdering other inmates as well as numerous convictions for prison weapon possession on a sensitive needs yard.  Plaintiff suggests that inmates on a sensitive needs yard are there because they are not safe in the general population.  Based on the facts in the third amended complaint, the undersigned finds that it contains enough facts to state a claim for relief under the Eighth Amendment that is plausible on its face.  Even if defendants did not know that inmate Garafolo was planning to attack plaintiff,

plaintiff's claim is plausible that defendants knew that placing an inmate with Garafolo's record on a sensitive needs yard placed all inmates, including plaintiff, in danger.

As for defendant Tilton, defendants argue that plaintiff has failed to plead any facts demonstrating that he knew of any danger to plaintiff by inmate Garafolo.

Under § 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

As discussed above, plaintiff alleges that defendant Tilton "enforced" a policy of classifying violent inmates on sensitive needs yards. Plaintiff's claim that the assault by inmate Garafolo occurred as a result of a policy implemented by defendant Tilton states a colorable claim for relief against this defendant.

For the reasons discussed above, the undersigned recommends that defendants' motion to dismiss be denied.

VI. Motion to Strike

On October 1, 2010, plaintiff filed a reply to defendants' reply to his opposition. On October 5, 2010, defendants filed a motion to strike plaintiff's reply. Plaintiff's reply to defendants' reply is not a proper pleading. See Fed. R. Civ. P. 7. Good cause appearing, defendants' motion to strike is granted.

1           Accordingly, IT IS HEREBY ORDERED that defendants' motion to strike (Dkt. No. 33) is granted;

           IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (Dkt. No. 23) be denied, and defendants be ordered to file an answer within thirty days of the adoption of these findings and recommendations.

           These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 21 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within 14 days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 22, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

bar1645.mtd