IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT J. BARDO,

        Plaintiff,                    No. 2: 09-cv-1645 FCD KJN P

   vs.

R.J. SUBIA, et al.,

        Defendants.           ORDER

_____/

       Plaintiff is a state prisoner proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to compel filed February 15, 2011. For the following reasons, this motion is granted in part and denied in part.

       Plaintiff's motion to compel alleges that defendants failed to adequately respond to a request for production of documents. First, plaintiff claims that defendants failed to produce "all" 128 Classification Chronos prepared for inmate Garafolo while he was housed at Mule Creek State Prison ("MCSP"). Second, plaintiff claims that defendants failed to produce inmate Garafolo's prison records relating to murder/manslaughter charges from Los Angeles County. Third, plaintiff claims that defendants failed to produce inmate Garafolo's prison records regarding his drop-out status from the Aryan Brotherhood and/or Hell's Angels as well as any documents regarding acts of violence he committed while in those gangs.

1        In their February 28, 2011 opposition, defendants state that during plaintiff's deposition on February 8, 2011, he claimed that he had not received "the" classification chrono for inmate Garafolo. Defense counsel informed plaintiff that this document had been provided to him in response to a request for production of documents. Defense counsel also told plaintiff that if he could not find a copy of the document in his cell, he should contact defense counsel who would provide him with another. In the opposition to the pending motion, defendants state that instead of contacting defense counsel, plaintiff filed the pending motion to compel.

         Plaintiff's request for the classification chrono apparently could have been resolved informally. Defendants have represented that they provided this document to plaintiff and are willing to send plaintiff another copy of this document. Under these circumstances, defendants have not failed to respond to plaintiff's discovery request. Accordingly, the motion to compel as to this request is denied. However, so that this action may be resolved expeditiously and on the merits, defendants are ordered to send plaintiff the at-issue chrono within seven days of the date of this order.

         As for the request for documents regarding murder/manslaughter charges against inmate Garafolo, in his declaration attached to the opposition defense counsel states that he reviewed inmate Garafolo's central file and determined there were no abstracts of judgments responsive to this request. Because the documents plaintiff seeks apparently do not exist, at least in inmate Garafolo's prison records, the motion to compel is denied as to this request.

         Defendants do not specifically address plaintiff's request for documents regarding inmate Garafolo's involvement in the Aryan Brotherhood and/or Hell's Angels. However, in his declaration, defense counsel states that before receiving plaintiff's request for production of documents, he reviewed inmate Garafolo's central file at California Department of Corrections and Rehabilitation ("CDCR") headquarters. Defense counsel states that inmate Garafolo and his central file have since been transferred to Kern Valley State Prison ("KVSP"). Defense counsel states that the defendants are still employed at, or retired from, MCSP. Under these

1  circumstances, defendants argue that the documents regarding inmate Garafolo's gang

2  involvement, assuming they are in his central file, are not in defendants' possession, custody or

3  control.

4  Federal Rule of Civil Procedure 34 requests may be used to inspect documents in

5  the possession, custody or control of another party.  Documents are deemed within a party's

6  "possession, custody or control" if the party has actual possession, custody or control thereof or

7  the legal right to obtain the property on demand.  In re Bankers Trust Co., 61 F.3d 465, 469

8  (1995).

9  Defendants' claim that they do not have possession, custody or control of inmate

10 Garafolo's central file because he and his file were transferred to KVSP is undermined by

11 defense counsel's previous review of this file at CDCR headquarters, which is presumably in

12 Sacramento.  As Judge O'Neill explained in Allen v. Woodford, 2007 WL 309945 (E.D. Cal.

13 2007):

> Property is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand. A party having actual possession of documents must allow discovery even if the documents belong to someone else; legal ownership of the documents is not determinative. Control need not be actual control; courts construe it broadly as the legal right to obtain documents upon demand. Legal right is evaluated in the context of the facts of each case. The determination of control is often fact specific. Central to each case is the relationship between the party and the person or entity having actual possession of the document. The requisite relationship is one where a party can order the person or entity in actual possession of the documents to release them. This position of control is usually the result of statute, affiliation or employment. Control may be established by the existence of a principal-agent relationship.

23 2007 WL 309945, at * 2.

24 Because defendants and their counsel have previously had access to inmate

25 Garafolo's central file at CDCR headquarters, their argument that they do not have possession,

26 custody or control of this file is without merit.  Accordingly, plaintiff's motion to compel is

1  granted with respect to the documents regarding inmate Garafolo's gang status. Within twenty-
2  one days of the date of this order, defendants shall review inmate Garafolo's central file and
3  determine whether it contains documents responsive to this request.
4       Accordingly, IT IS HEREBY ORDERED that:
5       1. Within seven days of the date of this order, defendants shall send plaintiff
6  inmate Garafolo's classification chrono discussed above;
7       2. Plaintiff's motion to compel (Dkt. No. 54) is granted with respect to the
8  request regarding inmate Garafolo's gang status; within twenty-one days of the date of this order,
9  defendants shall provide plaintiff with a response to this request; and
10      3. The motion to compel is denied in all other respects.
11 DATED: April 15, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ba1645.com